# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

MARY GENTLESK,                    ) CASE NO.

      Plaintiff,               ) **COMPLAINT**

v.                                )

JOHN DOE,                         )

      Defendant                )

      The Plaintiff, Mary Gentlesk, (hereinafter "Plaintiff"), hereby sues Defendant John Doe, and alleges as follows:

1. Plaintiff is a citizen and resident of North Carolina who resides in Charlotte, Mecklenburg County, North Carolina.

2. Upon information and belief, Plaintiff alleges defendant John Doe is a citizen of the State of Maryland. Plaintiff will amend this complaint once the true identity of defendant John Doe is discovered. Plaintiff's investigation is still in progress.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the Plaintiff and Defendant and the amount in controversy, exclusive of costs, exceeds the sum or value of $75,000.00.

4. This Court has personal jurisdiction over the Defendant, and venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to Plaintiff's claim occurred within this district.

## **FACTUAL BACKGROUND**

5. Plaintiff is an owner and breeder of Rottweiler dogs. She is part owner of a champion show dog, Burning des Princes d' Aragone, and has an exclusive contract with the Plaintiff's co-owners to broker the sales of Burning des Princes d' Aragone's semen to other breeders worldwide.

6. Plaintiff and Burning des Princes d' Aragone are well known in the dog breeding community, and especially in the breeding and showing of Rottweilers.

7. Plaintiff's champion show dog competed in the 2011 International Federation of Rottweilerfriends championship show, held in Spain. During the show, on April 28, 2012, Plaintiff received an e-mail whose sender was Defendant John Doe, using e-mail account justiceforrotties@yahoo.com.

8. The e-mail received by Plaintiff from the Defendant using e-mail address justiceforrotties@yahoo.com included eighteen recipients. The text of the April 28, 2012 message included the following false and defamatory comments;

> "Tomorrow afternoon the new/old IFR world winner male will be announced, which is Burning des Princes d' Aragone!!! It is a shame and disgrace for the breed that it is already agreed with the judges much prior to the show"

9. The April 28, 2012 e-mail also named the judges of the show by their full names, then claimed,

> "All of the mentioned above have received a payment in order for Burning to win…"

10. Other false and defamatory remarks made by the April 28, 2012 e-mail are; "It is well known that Vlad Zec is ego maniac…" Vlad Zec is one of the Plaintiff's co-owners of Burning des Princes d' Aragone.

11.     These remarks are derogatory to the professional reputation of the Plaintiff's champion show dog as well as the Plaintiff's co-owners. Because the Plaintiff is well known in her profession of breeding this particular dog, and for co-owning and showing the dog, as well as her connections to the dog's co-owners, the e-mail's derogatory remarks have adversely effected the Plaintiff's professional reputation.

First Claim for Relief
Libel *Per Se*

12.     The allegations of Paragraphs 1 – 11 are re-alleged and incorporated by reference.

13.     The e-mail from justiceforrotties@yahoo.com on April 28, 2012, contained false and defamatory statements concerning the Plaintiff's champion show dog and the dog's co-owners.

14.     The false and defamatory statements were published directly to the Plaintiff and seventeen other people. On information and belief Plaintiff alleges there are additional e-mails to additional recipients that also contain false and defamatory statements concerning the Plaintiff and her champion show dog and the dog's co-owners.

15.     The false and defamatory statements have been re-published by the recipients of the original e-mail. The re-publication of these false and defamatory statements was a foreseeable consequence and, therefore, was intentional.

16. The owner/user of e-mail address justiceforrotties@yahoo.com is responsible and liable for damages from the republication of their false and defamatory statements.

17. The false and defamatory statements were made in the absences of privilege or justification.

18. At the time of the E-Mail, the sender knew, or should have known, that the statements were false. The sender of the e-mail recklessly disregarded any information indicating that the statements were false or negligently failed to take reasonable steps to ascertain whether the statements were true or false.

19. The April 28, 2012 e-mail constitutes libel per se in that they impeach the Plaintiff's professional reputation.

20. The false and defamatory statements have caused and continue to cause injury to the Plaintiff's professional reputation.

21. The defamatory statements have damaged and continue to cause direct financial damage to Plaintiff in the form of lost business and business opportunities.

22. In making these false and defamatory statements as described herein, Defendant John Doe acted with malice or engaged in willful or wanton conduct in that false and defamatory statements were made with either knowledge of their falsity or with reckless disregard for their untruth.

<u>Second Claim for Relief</u>
Libel *Per Quod*

Complaint Pg 4

23.    The allegations of Paragraphs 1-22 are re-alleged and incorporated by reference.

24.    The e-mail from justiceforrotties@yahoo.com on April 28, 2012, contained false and defamatory statements concerning the Plaintiff's champion show dog and the dog's co-owners.

25.    The false and defamatory statements were published directly to the Plaintiff and seventeen other people. On information and belief Plaintiff alleges there are additional e-mails to additional recipients that also contain false and defamatory statements concerning the Plaintiff and her champion show dog and the dog's co-owners.

26.    The false and defamatory statements have been re-published by the recipients of the original e-mail. The re-publication of these false and defamatory statements was a foreseeable consequence and, therefore, was intentional.

27.    The owner/user of e-mail address justiceforrotties@yahoo.com is responsible and liable for damages from the republication of their false and defamatory statements.

28.    The false and defamatory statements were made in the absences of privilege or justification.

29.    At the time of the E-Mail, the sender knew, or should have known, that the statements were false. The sender of the e-mail recklessly disregarded any information indicating that the statements were false or negligently failed to take

reasonable steps to ascertain whether the statements were true or false.

30. The April 28, 2012 e-mail constitutes libel *per quod* in that they are defamatory when considered in connection with innuendo, colloquium and the circumstances in which they were made.

31. The false and defamatory statements have caused and continue to cause injury to the Plaintiff's professional reputation.

32. The defamatory statements have damaged and continue to cause direct financial damage to Plaintiff in the form of lost business and business opportunities.

33. In making these false and defamatory statements as described herein, Defendant John Doe acted with malice or engaged in willful or wanton conduct in that false and defamatory statements were made with either knowledge of their falsity or with reckless disregard for their untruth.

WHEREFORE, plaintiff respectfully pray the Court:

1. That Plaintiff have and recover of the Defendant a monetary judgment for all general damages suffered as a result of their libelous *per se* conduct;

2. That Plaintiff have and recover of the Defendant a monetary judgment for all special damages suffered as a result of their libelous *per se* conduct;

3. That Plaintiff have and recover of the Defendant a monetary judgment for all general damages suffered as a result of their libelous *per quod* conduct;

4. That Plaintiff have and recover of the Defendant a monetary judgment for all special damages suffered as a result of their libelous *per quod* conduct;

5. That Plaintiff have and recover of the Defendant punitive damages for their intentional, malicious, and willful and wanton conduct in such an amount as the Court shall determine will properly punish the Defendant and deter them and others similarly situated from engaging in like conduct;

6. That Plaintiff have and recover of the Defendant reasonable attorney fees from Defendant;

7. That the costs of this action be taxed against the Defendant;

8. That the Court award the Plaintiff such other and further relief as the Court shall deem just and proper.

Respectfully submitted, this 31 day of August, 2012.

Mary Gentlesk, Plaintiff in Pro Per

4835 Ardenwoods Drive
Charlott, NC 28215
(512) 809-5039

Complaint Pg 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Complaint Pg 8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed/ delivered to the following individuals at the addresses listed:

MARY GENTLESK

4835 ARDEN WOODS DR.

CHARLOTTE, NC 28215

This the _31_ day of _AUGUST_ , 20_12_.

Signature

MARY GENTLESK
(Print Name)