IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-587-FDW-DCK

| | |
|---|---|
| MARY GENTLESK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JOHN DOE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Order Authorizing Early Discovery" (Document No. 2). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

Plaintiff Mary Gentlesk ("Plaintiff") filed a "Complaint" (Document No. 1) on September 19, 2012, against Defendant John Doe ("Defendant") alleging claims of "Libel *Per Se*" and "Libel *Per Quod*." Specifically, Plaintiff asserts that Defendant sent an email to eighteen (18) recipients on April 28, 2012, that included false and defamatory comments, using the email address justiceforrotties@yahoo.com. (Document No. 1, p.2).

Plaintiff's "Motion For Order Authorizing Early Discovery" (Document No. 2) was filed on November 13, 2012. By the instant motion Plaintiff seeks early discovery to identify the actual name and address of Defendant. (Document No. 2). Plaintiff asserts that the issuance of third party subpoenas pursuant to Federal Rule of Civil Procedure 45 is now necessary. Id. Plaintiff contends that without issuing a subpoena to Yahoo!, Inc., she will be thwarted in her attempts to identify Defendant. Id.

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947).

In addition, the undersigned notes that relevant caselaw appears to support Plaintiff's effort to uncover the identity of Defendant John Doe. See Hard Drive Productions, Inc. v. Does 1-30, 2011 WL 2634166 at *3 (E.D.Va. July 1, 2011) ("Under 47 U.S.C.A § 551(c)(2)(B), an ISP can disclose personal identification information of an internet user 'pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]'"); see also, Arista Records LLC v. Does 1-19, 551 F.Supp.2d 1, 6-7 (D.D.C. 2008).

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Order Authorizing Early Discovery" (Document No. 2) is **GRANTED**.

Signed: November 16, 2012

_____
David C. Keesler
United States Magistrate Judge